UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REMY CANTAVE,

      Plaintiff,

- against -

UPTOWN COMMUNICATIONS & ELECTRIC, INC.,
and NELSON FELICIANO, DANNY GREENBERG, and
ELVIS PEJOVIC, JONATHAN SMOKLER, *individually
and as aiders and abettors,*

      Defendants.
------------------------------------------------------------------X

**FIRST FEDERAL COMPLAINT**

<u>Jury Trial Demanded</u>

Plaintiff, REMY CANTAVE, by his attorney, LAW OFFICE OF MATTHEW S. PORGES, ESQ., complaining of Defendants herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This is a civil action based upon Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended; New York Labor Law §193 and §198 *et seq.*, as amended; New York Executive Law §292 *et seq.*, as amended; New York City Administrative Code §8-107 *et seq.*, as amended; New York City Administrative Code §6-109 *et seq.*, as amended; and any other cause of action that can be inferred from the facts set forth herein.

1

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3), 28 U.S.C. § 1343(4). The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state and local law causes of action.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Remy Cantave ("Cantave") is a resident of the County of Kings, City and State of New York. At all relevant times, Cantave was an employee for Defendant Uptown Communications and Electric, Inc.

5. Defendant Uptown Communications and Electric, Inc. ("Uptown") is a business corporation organized under the laws of the State of New York. Uptown has a principal place of business at 55-40 44th Street, Maspeth, County of Queens, New York 11378-2024.

6. At all relevant times, Defendant Danny Greenberg ("Greenberg") was and still is an owner and principal of Uptown. As such, Greenberg was charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices. As the Owner of Uptown, Greenberg was and is charged with many or all aspects of Uptown's operation, including, but not limited to, the hiring, firing, promotion, and discipline of employees and all other employment-related issues. Greenberg also had the power to make employment decisions regarding Plaintiff's employment.

7. At all relevant times, Defendant Jonathan Smokler ("Smokler") was and still is an owner and principal of Uptown. As such, Smokler was charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices. As the Owner of Uptown, Smokler was and is charged with many or all aspects of Uptown's operation, including, but not limited to, the hiring, firing, promotion, and discipline of employees and all other employment-related issues. Smokler also had the power to make employment decisions regarding Plaintiff's employment.

8. At all relevant times, Defendant Elvis Pejovic ("Pejovic") was and still is a manager at Uptown. As such, Pejovic was charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices. As a Manager at Uptown, Pejovic was and is charged with many or all aspects of Uptown's operation, including, but not limited to, the hiring, firing, promotion, and discipline of employees and all other employment-related issues. Pejovic also had the power to make employment decisions regarding Plaintiff's employment.

3

9. At all relevant times, Defendant Nelson Feliciano ("Feliciano") was and still is a manager at Uptown. As such, Feliciano was charged with the responsibility of ensuring that employees are not subjected to discriminatory and/or retaliatory practices. As a Manager at Uptown, Feliciano was and is charged with many or all aspects of Uptown's operation, including, but not limited to, the hiring, firing, promotion, and discipline of employees and all other employment-related issues. Feliciano also had the power to make employment decisions regarding Plaintiff's employment.

## PROCEDURAL BACKGROUND

10. On or about September 5, 2012, Plaintiff filed an action in New York Supreme Court, Queens County against all Defendants. That complaint alleged discrimination and retaliation by all Defendants.

11. Plaintiff filed an Amended Complaint on or about September 23, 2013.

12. On December 18, 2013, at the consent of all parties, this action was transferred from state court so that Plaintiff could file in this Court. A copy of the stipulation, so ordered by the Honorable Duane Hart, J.S.C., permitting Plaintiff to transfer this case to this Court is attached as Exhibit A.

## BACKGROUND FACTS

13. Cantave is an African-American male. Cantave was born on the island of Haiti and immigrated to the United States.

14. In 2003, Cantave was hired by Uptown as a Field Technician. Cantave left Uptown's employment by 2004, but returned in 2005 or 2006.

4

15. In this position, Cantave was to install cable and other services for Time Warner Cable, Inc. Also, in this capacity, Cantave received pay based on the number of installations he performed.

16. Throughout the course of Cantave's employment, Cantave's work performance has been satisfactory or better.

## FACTS

17. Most or all of Cantave's immediate supervisors were Latin American.

18. Throughout the course of Plaintiff's employment, these Latin American often gave the most favorable installation assignments to Field Technicians outside Cantave's protected classes, rather than to Cantave.

19. At times, the Latin American supervisors would not give Cantave any installation assignment, but would attempt to assign him to work in Uptown's warehouse, where he would not receive pay based on the number of installations completed. Such assignments were not given to similarly-situated co-workers outside of Cantave's protected classes.

20. In addition, prior to 2008, Cantave did not receive pay raises, while similarly-situated co-workers outside Cantave's protected classes received raises at least once a year.

21. Cantave was also denied the opportunity to take vacations, while similarly-situated co-workers outside Cantave's protected classes were permitted to take their available vacations.

5

22. In addition, Cantave was supposed to be making $15.00 per hour because he was installing high-speed on-line ("HSO"), was not A+ certified, and was hired before April 1, 2007. However, Cantave started at $8.00 per hour, and, despite many complaints to supervisors, reached a high of $13.39 per hour in 2010. Similarly-situated co-workers outside Cantave's protected classes were not subjected to this underpayment. In addition, from 2008 on, Cantave received raises based on these underpaid rates, rather than based on the correct pay rates.

23. Starting in January 2007, Cantave complained to Greenberg and Feliciano about this discriminatory underpayment. However, neither Greenberg nor Feliciano took any corrective action.

24. Because Uptown did not provide back braces and knee pads to its workers, Cantave suffered an injury to his left knee in February 2012. As a result, Cantave sought to take a medical leave.

25. The medical leave was to start on February 7, 2012 and did not have an established end date. Cantave was to speak to Pejovic to advise as to the status of his injury.

26. On February 15, 2012 and February 25, 2012, Cantave received two separate notices from Pejovic. Those notices claimed that Cantave was terminated on each of those dates. However, Cantave was not rehired after the first termination notice, so he could not have been terminated in the second termination notice.

27. Cantave was not given warned or given intermediate discipline before these terminations.

28. The notices claimed that Cantave had not appeared for work and had not advised Pejovic or other supervisors of his need to miss work. However, Cantave had been in constant contact with Pejovic about his ongoing medical treatment and need for leave due to the injury.

29. Similarly-situated employees outside Plaintiff's protected classes were not terminated twice and for similar false reasons. In addition, Cantave was terminated in retaliation for his protected activities.

### FIRST CAUSE OF ACTION
(Against Uptown)
(New York Labor Law §193, New York Labor Law §198,
New York City Administrative Code §6-109, and the Fair Labor Standards Act)

30. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

31. Cantave was supposed to be making $15.00 per hour because he was installing high-speed on-line ("HSO"), was not A+ certified, and was hired before April 1, 2007. However, Cantave started at $8.00 per hour (below the minimum wage). Despite many complaints to supervisors, reached a high of $13.39 per hour in 2010.

32. By reason of the foregoing underpayment of wages, Plaintiff has been damaged in an amount to be determined at trial. This underpayment of wages constitutes a violation of New York Labor Law §193, New York City Administrative Code §6-109, and the Fair Labor Standards Act.

33. Plaintiff is thus entitled to all forms of applicable compensatory damages, legal fees and costs, and any other damages and/or remedies permissible under law, including, but not limited to, those permitted by New York Labor Law §198.

7

## SECOND CAUSE OF ACTION
(Against Uptown)
(New York State Human Rights Law, New York City Human Rights Law, New York City Administrative Code §6-109, and 29 U.S.C. § 218c)

34. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

35. As described above, Defendant Uptown has taken adverse employment actions against Plaintiff, subjected him to a hostile work environment, and/or maintained an atmosphere of adverse employment actions, due to his race, national origin, and/or his protected activities (including, but not limited to, his complaints to supervisors about the discriminatory and otherwise unlawful underpayments), in violation of New York State Executive Law Section 290 et seq., New York City Administrative Code Title 8 et seq., New York City Administrative Code §6-109, and 29 U.S.C. § 218c.

36. By reason of the foregoing, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

8

## THIRD CAUSES OF ACTION
(Against Feliciano, Greenberg,
Pejovic, and Smokler)
(New York State Human Rights Law and New York City Human Rights Law)

37. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

38. As more fully set forth above, Defendants Feliciano, Greenberg, Pejovic, and Smokler aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law § 296(6) and the New York City Administrative Code § 8-107(6).

39. By reason of the foregoing, Plaintiff has suffered a loss of earnings and benefits, future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## FOURTH CAUSE OF ACTION
(Against Greenberg and Smokler)
(FLSA)

40. Plaintiff repeats and realleges each and every allegation above as though more fully set forth herein.

41. Cantave was supposed to be making $15.00 per hour because he was installing high-speed on-line ("HSO"), was not A+ certified, and was hired before April 1, 2007. However, Cantave started at $8.00 per hour, and, despite many complaints to supervisors, reached a high of $13.39 per hour in 2010.

9

42. By reason of the foregoing underpayment of wages, Plaintiff has been damaged in an amount to be determined at trial and in violation of the Fair Labor Standards Act.

43. Plaintiff is thus entitled to all forms of applicable compensatory damages, legal fees, and any other damages and/or remedies permissible under law.

44. As owners of Uptown, Defendants Greenberg and Smokler were responsible for ensuring that Plaintiff was paid the proper wages but failed to ensure that proper payment.

WHEREFORE, Plaintiff demands judgment against all Defendants in the form of and/or for compensatory, emotional, physical, and punitive damages (where applicable), lost pay, front pay, interest, injunctive relief, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including but not limited to, the clearing of his personnel file of any wrongful disciplinary actions, immediate reinstatement, and a permanent injunction enjoining all Defendants and their agents from any further actions abridging Plaintiff's rights. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Brooklyn, New York
       March 21, 2014

                                        Respectfully submitted,

                                        Law Office of Matthew S. Porges, Esq.,
                                        *Attorney for Plaintiff*
                                        641 President Street, Suite 205
                                        Brooklyn, New York 11215
                                        (718) 673-2578 (Phone)

                                        _____
                                        MATTHEW S. PORGES, ESQ.

10

# EXHIBIT A

**Supreme Court Civil Term**
COUNTY OF __QUEENS__

Index No. 18442/12

Motion Calendar No. _____

Remy Cantave, **Plaintiff**

-against-

Uptown Communications & Electric, Nelson Helicians, Danny Greenberg, Elvis Popovic & Jonathan Smackler, **Defendant**.

**STIPULATION**

HON. __Hart__

DATE __12/18/13__

The parties to this action agree as follows:

Defendants' motion to dismiss is resolved as follows:

The instant action shall be transferred to Federal Court, Eastern District of New York and the plaintiff shall file an amended complaint asserting his wage and vacation claims under the Collective Bargaining Agreement as federal claims. [unpossessiveness's fines] Plaintiff shall not add any other claims or facts to the amended complaint before the United States District Court, Eastern District of NY.

_____
Law Office of Matthew S. Pages Esq.
Attorney for TT

_____
Friedman Harfenist Kraut & Perlstein
Attorneys for Defendants

So Ordered
DEC 18 2013    Duane A. Hart

HON. DUANE A. HART