UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

REMY CANTAVE,                                    Docket No.:14-cv-01838(ERK)(CLP)

          Plaintiff,                    **ANSWER TO FIRST
FEDERAL COMPLAINT**

    -against-

UPTOWN COMMUNICATIONS &
ELECTRIC, INC., and NELSON
FELICIANO, DANNY GREENBERG,
And ELVIS PEJOVIC, JONATHAN SMOKLER,
Individually and as aiders and abettors,

          Defendants.

--------------------------------------------------------x

      Defendants, Uptown Communications & Electric, Inc., Nelson Feliciano, Danny

Greenberg, Elvis Pejovic, Jonathan Smokler, individually and as aiders and abettors, by

and through their attorneys, answer Plaintiff's First Federal Complaint dated March 21,

2014 as follows:

## JURISDICTION AND VENUE

      1.    Deny knowledge and information sufficient to form a belief as to the

allegations contained in paragraph 1 of the First Federal Complaint.

      2.    Deny the allegations contained in paragraph 2 of the First Federal

Complaint.

      3.    Deny the allegations contained in paragraph 3 of the First Federal

Complaint.

## PARTIES

      4.    Deny knowledge and information sufficient to form a belief as to the

allegations contained in paragraph 4 of the First Federal Complaint.

HS/L2401/D190003

5.      Admit the allegations contained in paragraph 5 of the First Federal Complaint.

6.      Deny the allegations contained in paragraph 6 of the First Federal Complaint except to admit that Greenberg was and still is a principal of Uptown.

7.      Deny the allegations contained in paragraph 7 of the First Federal Complaint except to admit that Smokler was and still is a principal of Uptown.

8.      Deny the allegations contained in paragraph 8 of the First Federal Complaint except to admit that Pejovic was and still is an employee of Uptown.

9.      Deny the allegations contained in paragraph 9 of the First Federal Complaint except to admit that Feliciano was and still is an employee of Uptown.

## PROCEDURAL BACKGROUND

10.     Admit the allegations contained in paragraph 10 of the First Federal Complaint.

11.     Admit the allegations contained in paragraph 11 of the First Federal Complaint.

12.     Admit the allegations contained in paragraph 12 of the First Federal Complaint.

## BACKGROUND FACTS

13.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 13 of the First Federal Complaint.

14.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of the First Federal Complaint.

HS/L2401/D190003

15. Deny the allegations contained in paragraph 15 of the First Federal Complaint.

16. Deny the allegations contained in paragraph 16 of the First Federal Complaint.

## FACTS

17. Deny the allegations contained in paragraph 17 of the First Federal Complaint.

18. Deny the allegations contained in paragraph 18 of the First Federal Complaint.

19. Deny the allegations contained in paragraph 19 of the First Federal Complaint.

20. Deny the allegations contained in paragraph 20 of the First Federal Complaint.

21. Deny the allegations contained in paragraph 21 of the First Federal Complaint.

22. Deny the allegations contained in paragraph 22 of the First Federal Complaint.

23. Deny the allegations contained in paragraph 23 of the First Federal Complaint.

24. Deny the allegations contained in paragraph 24 of the First Federal Complaint.

25. Deny the allegations contained in paragraph 25 of the First Federal Complaint.

HS/L2401/D190003

26.     Deny the allegations contained in paragraph 26 of the First Federal Complaint except to admit that defendants sent two (2) disciplinary notices to the plaintiff and respectfully refer the Court to documents referred to therein for the contents thereof.

27.     Deny the allegations contained in paragraph 27 of the First Federal Complaint.

28.     Deny the allegations contained in paragraph 28 of the First Federal Complaint.

29.     Deny the allegations contained in paragraph 29 of the First Federal Complaint.

**FIRST CAUSE OF ACTION**
**(AGAINST UPTOWN NEW YORK LABOR LAW SECTION 193 AND 198,**
**NEW YORK CITY ADMINISTRATIVE CODE SECTION 6-109 AND**
**THE FAIR LABOR STANDARDS ACT)**

30.     Defendants deny the allegations contained in paragraphs 1-29 as if more fully set forth hereat.

31.     Deny the allegations contained in paragraph 31 of the First Federal Complaint.

32.     Deny the allegations contained in paragraph 32 of the First Federal Complaint.

33.     Deny the allegations contained in paragraph 33 of the First Federal Complaint.

HS/L2401/D190003

## SECOND CAUSE OF ACTION
## (AGAINST UPTOWN NEW YORK STATE HUMAN RIGHTS LAW, NEW YORK CITY HUMAN RIGHTS LAW, NEW YORK CITY ADMINISTRATIVE CODE SECTION 6-109 AND 29 U.S.C. SECTION 218c)

34.     Defendants deny the allegations contained in paragraphs 1-33 as if more fully set forth hereat.

35.     Deny the allegations contained in paragraph 35 of the First Federal Complaint.

36.     Deny the allegations contained in paragraph 36 of the First Federal Complaint.

## THIRD CAUSE OF ACTION
## (AGAINST FELICIANO, GREENBERG, PEJOVIC AND SMOKLER)

37.     Defendants deny the allegations contained in paragraphs 1-36 as if more fully set forth hereat.

38.     Deny the allegations contained in paragraph 38 of the First Federal Complaint.

39.     Deny the allegations contained in paragraph 39 of the First Federal Complaint.

## FOURTH CAUSE OF ACTION
## AGAINST GREENBERG AND SMOKLER
## (FLSA)

40.     Defendants deny the allegations contained in paragraphs 1-39 as if more fully set forth hereat.

41.     Deny the allegations contained in paragraph 41 of the First Federal Complaint.

HS/L2401/D190003

42.     Deny the allegations contained in paragraph 42 of the First Federal Complaint.

43.     Deny the allegations contained in paragraph 43 of the First Federal Complaint.

44.     Deny the allegations contained in paragraph 42 of the First Federal Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a cause of action against defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred by virtue of a written agreement or contract which governs the parties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff was terminated for legitimate business reasons that justify termination, regardless of any alleged protected activity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the parties' collective bargaining agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff failed to mitigate his damages.

HS/L2401/D190003

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff failed to follow the internal procedures relating to his complaints for discrimination and, as such, Plaintiff's complaints are barred.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff failed to follow the procedures set forth in the parties' collective bargaining agreement and, as a result, Plaintiff's complaints are barred.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff fails to state a cause of action against the individual defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claim of unfavorable work assignment is not sufficient to set forth a cause of action for discrimination.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11.     The parties' collective bargaining agreement requires Plaintiff to file all complaints or disputes involving interpretation or application of the collective bargaining agreement within fifteen (15) working days from the occurrence or knowledge of the occurrence, which plaintiff failed to do and therefore his grievances are null and void.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff was terminated for just cause and as a result of plaintiff's own actions and job performance.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff was not qualified to hold the position for which he was hired.

HS/L2401/D190003

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

14.     At all times relevant to the actions complained of in the Complaint, Defendants acted in good faith and did not violate the Fair Labor Standards Act.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiff's compliant is barred by the doctrines of estopple, laches and waiver.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

16.     To the extent that Plaintiff seeks compensatory damages, or other damages, not available under the FLSA, any such attempt to obtain those damages are barred.


WHEREFORE, it is respectfully requested that the Court dismiss the Plaintiff's complaint in its entirety, grant the defendants' costs and disbursements and for such other and further relief as the Court deems just, proper and equitable.


Dated: April 14, 2014                     **FRIEDMAN HARFENIST KRAUT &**
                                          **PERLSTEIN LLP**
                                          Attorneys for Defendants


                     By:          ___s/Steven J. Harfenist_____
                                          Steven J. Harfenist (6930)
                                          3000 Marcus Avenue, Suite 2E1
                                          Lake Success, NY 11042
                                          (516)355-9600

HS/L2401/D190003